**Appeal Dismissed and Memorandum Opinion filed March 12, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00086-CR

---

**ERNEST EUGENE OVEAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1292902**

---

## MEMORANDUM OPINION

Appellant Ernest Eugene Oveal pleaded nolo contendere to injury to a child. He and the State agreed his punishment would not exceed 45 years' imprisonment. The trial court imposed sentence in accordance with the parties' agreement on June 14, 2012. Appellant timely appealed his conviction, and we dismissed the appeal for lack of jurisdiction due to the plea-bargain agreement. *Oveal v. State*, No. 14-12-00567-CR, 2012 WL 3629196 (Tex. App.—Houston [14th Dist.] Aug. 23, 2012, no pet.) (mem. op.) (per curiam). Appellant filed another notice of appeal from the

conviction on January 17, 2020.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.* Appellant's notice of appeal was filed more than 30 days after sentence was imposed.

On February 6, 2020, notification was transmitted to all parties of the court's intention to dismiss the appeal for lack of jurisdiction unless any party showed that the court has jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant filed an amended notice of appeal. The amended notice of appeal does not cure the jurisdictional defect.

We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Christopher, Wise, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).